FRANNY A. FORSMAN
Federal Public Defender
State Bar No. 0014
DAVID ANTHONY
Assistant Federal Public Defender
Nevada Bar No. 7978
david_anthony@fd.org
HEATHER FRALEY
Assistant Federal Public Defender
Texas Bar No.  24050621
heather_fraley@fd.org
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
(Fax) 388-5819

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT McCONNELL, | ) | |
| | ) | |
| Petitioner, | ) | Case No.  3:10-cv-0021-GMN-RAM |
| | ) | |
| v. | ) | **OPPOSITION TO MOTION FOR COMPLIANCE** |
| | ) | **WITH RULE 2 OF THE RULES GOVERNING** |
| E.K. McDANIEL, Warden, and | ) | **§2254 CASES IN THE DISTRICT COURTS** |
| CATHERINE CORTEZ MASTO | ) | |
| Attorney General of the State | ) | |
| of Nevada, | ) | |
| | ) | |
| Respondents. | ) | (Death Penalty Habeas Corpus Case) |
| | ) | |

Petitioner Robert McConnell hereby opposes to the State's Motion for Compliance with Rule

2 of the Rules Governing § 2254 Cases in the United States District Courts.  This opposition is made

and based on the following points and authorities and the entire file herein.

DATED this 21st day of March, 2011.

FRANNY A. FORSMAN
Federal Public Defender

 /s/ David Anthony
DAVID ANTHONY
Assistant Federal Public Defender

 /s/ Heather Fraley
HEATHER FRALEY
Assistant Federal Public Defender

1

I.      Introduction

Mr. McConnell instituted these federal proceedings on January 13, 2010 by filing a pro se petition for writ of habeas corpus on the form provided by the federal rules. Docket #1. This Court thereafter appointed undersigned counsel to represent Mr. McConnell, Docket #14. On October 6, 2010– two months before it was due– undersigned counsel filed an amended petition on Mr. McConnell's behalf. Docket #24. After receiving two extensions of time within which to respond to Mr. McConnell's amended petition, on March 4, 2011, the State filed a motion for compliance with Rule 2 of the Rules Governing Section 2254 Cases. Mr. McConnell's response to each of the State's complaints follows.

II.     Argument

The State complains that Mr. McConnell's amended petition "does not comport with the requirements of Rule 2(c) or of LSR 3-1." Motion at 5. Rule 2(c) requires simply that the petition "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," and "be signed under penalty of perjury by ... a person authorized to sign it." Mr. McConnell's amended petition clearly complies with all of these requirements. Each claim in the petition specifies the grounds for relief sought, states the supporting facts with references to the record and/ or exhibits, and states the relief requested– namely reversal of the conviction, sentence, or both. The petition is signed by the counsel this Court appointed to represent Mr. McConnell.[1] What more Mr. McConnell could have done to comply with Rule 2(c) is unclear.

LCR 3-1 simply requires that the petition "contain all of the information required in the Model Form," which the amended petition clearly does. The State contends that Mr. McConnell failed to answer questions 7, 13, and 14 from the form petition in his amended petition. Motion at

---

[1]The Advisory Committee Notes to the Rule specifically state that undersigned counsel, duly appointed by this Court to represent Mr. McConnell in this litigation, is authorized to sign the petition on behalf of, and in lieu of, Mr. McConnell himself. See Rule 2 Governing Section 2254 Cases in the United States District Courts, Advisory Committee Notes to 2004 Amendment ("Revised Rule 2(c)(5) has been amended by removing the requirement that the petition be signed personally by the petitioner. . . . [U]nder the[] amended rule the petition may be signed . . . by someone acting on behalf of the petitioner   . . . for example, an attorney for the petitioner.").

6. Mr. McConnell clearly answered question 7 on page 2 of his amended petition where he stated: "Mr. McConnell represented himself throughout the entire proceeding, and also testified on his own behalf." In addition, Mr. McConnell referenced his own testimony at pre-trial and trial hearings at pages 96, 102- 108, 113, 114, 116, 119-122, 138, and 151 of his petition. The State acknowledges on page 2 of its motion that "[t]he district court dismissed [Mr. McConnell's first state habeas] petition without conducting an evidentiary hearing," thus answering its own question as to whether Mr. McConnell testified at any post-trial hearings– he could not have testified because there were no post-trial hearings at which testimony was taken. Mr. McConnell clearly answered question 13 on pages 2 through 4 of his amended petition where he listed every claim that he has raised in state court, stated which claims have been exhausted and which haven't, and stated why certain claims have not been exhausted. Mr. McConnell clearly answered question 14 on pages 1 through 3 of the petition where he outlined the entire procedural history of the case. The procedural history does not mention any prior pleadings being filed on Mr. McConnell's behalf in federal court because none have been filed. The State's inability to find the answers to the questions contained on the form petition apparently reflects its inability to interpret facts that are not spoon fed to it in question and answer format.

The State further complains that the amended petition failed to include "the admonition to the petitioner, McConnell, that he must include all grounds for relief and all facts supporting such grounds," and "the admonition, caveat, and warning to McConnell that if he fails to set forth all grounds in this petition, he may be barred from presenting additional grounds at a later date." Motion at 5-6 (emphasis in original). The Rules Governing Section 2254 Cases do not, however, require that the aforementioned admonitions be included in petitions for habeas relief– pro se, amended, or otherwise. The admonitions cited by the State are included in the instructions for filing a petition, and not in either the rule, or the form petition itself. Nowhere in the rules or the form does it require that the admonitions contained in the instructions be either included in the petition, or verified by the Petitioner. The admonitions are intended simply to inform pro se litigants of their rights and obligations under the law. In the case of a represented party, however, the attorney is charged with knowledge of the law, and it is his responsibility to both inform the client of his rights

1    and obligations, and ensure that those rights and obligations are fulfilled. Attorneys' ethical and

2    professional obligations, as well as a court's inherent power and discretion to sanction attorney

3    misconduct, see, e.g., Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir. 1989), ensure that

4    this important attorney function is adequately performed. Mr. McConnell is clearly represented by

5    undersigned counsel, and counsel are fully capable of reading the federal rules and understanding

6    the repercussions of failing to bring all available claims in this proceeding. Mr. McConnell has

7    committed no error by failing to recite the admonitions in his petition.

8          Most of the State's motion is dedicated to complaining that Mr. McConnell has failed to

9    plead the exhaustion of his claims with sufficient particularity to obviate the need for the State or

10   this Court to engage in an exhaustion analysis.  Specifically, the State contends that Mr. "McConnell

11   has the burden of pleading and proving exhaustion."  Motion at 5.  While it is true that a petitioner

12   may have the ultimate burden of demonstrating exhaustion, "[t]he Rules Governing Section 2254

13   Cases give the state the burden of asserting nonexhaustion as a defense."  2 Randy Hertz & James

14   S. Liebman, Federal Habeas Corpus Practice and Procedure § 23.2(a), at 1056 (5th ed. 2001) (citing

15   Habeas Rule 5(b)).  Settled law holds that non-exhaustion is not jurisdictional and may be waived

16   by the State, see, e.g., Granberry v. Green, 481 U.S. 129, 131 (1987); Strickland v. Washington, 466

17   U.S. 668, 679, 684 (1984); see also Jones v. Bock, 549 U.S. 199, 212 (2007) (referring to exhaustion

18   in the context of the habeas corpus statute as an "affirmative defense"); and thus while the statute

19   states "relief shall not be granted" on unexhausted claims, 28 U.S.C. § 2254(b)(1), except under

20   specified circumstances, 28 U.S.C. 2254(b)(1)(B), pleading exhaustion with specificity is not a

21   jurisdictional requirement for filing a petition.

22         The State further complains that Mr. "McConnell should be required to identify not only the

23   particular action in which he contends a particular claim was exhausted but also the specific claim

24   made in the action that he contends resulted in exhaustion."  Motion at 5.  On pages 1 through 4 of

25   his amended petition, Mr. McConnell specifically enumerates every claim that has been raised on

26   his behalf in state court (amended petition at fn 2 & 3), when it was raised (amended petition at 2

27   ¶'s 5 & 6), which claims are exhausted and which are not, (amended petition at 3 ¶ 8), and why

28   certain claims are not exhausted (amended petition at 4 ¶ 9).  The Advisory Committee Notes to Rule

4

2 do not contemplate that compliance with the Rule would result in spoon-feeding information to the State about an issue that is often contested between the parties.  Rather, the Rule's purpose is served by "getting information about whether there has been an exhaustion of state remedies, or, at least, where that information can be obtained."  See Rule 2 Governing Section 2254 Cases in the United States District Courts, Advisory Committee Notes to 1976 Adoption (emphasis added).  This Mr. McConnell has clearly done.  Beyond listing specifically every claim that was raised, what court it was raised in, when it was raised, and what the result was, there is not much more Mr. McConnell can do to satisfy the State.  The State's motion is nothing more than a dilatory litigation tactic, and an attempt to get Mr. McConnell to perform the State's exhaustion analysis for it.

To the extent this Court would benefit from a more detailed account of which claims have been exhausted, when, and where, such an account follows.

• Claim One(A) should be deemed exhausted.  In Bejarano v. State, 106 Nev. 840, 843, 801 P.2d 1388, 1390 (1990), the Nevada Supreme Court considered sua sponte whether trial counsel was ineffective for failing to present evidence of mental illness, thus that court clearly has a mechanism for considering the constitutionality of trial counsel's representation sua sponte. Here, Mr. McConnell raised a claim during his first state post conviction proceeding that he received constitutionally inadequate representation, and all of the facts needed to assess whether trial counsel were subject to a conflict of interest was available on the record, thus the Nevada Supreme Court could and should have conducted a sua sponte review of that issue. See Amended Petition Exs. 5-9, 458 at 27-33. Accordingly, the issue should be deemed exhausted.

• Claim One(D) has been exhausted.  Mr. McConnell raised a claim during his first state post conviction proceeding that he received ineffective assistance of trial counsel. See Amended Petition Exs. 5-9, 458 at 27.  Thus, as with Claim One(A), Claim One(D) should be deemed presented due to the Nevada Supreme Court's sua sponte review of claims of constitutionally inadequate representation.   Mr. McConnell also raised a specific claim that trial counsel were ineffective in litigating his motion to represent himself in a supplemental brief filed in the Nevada Supreme

5

1    Court.  Amended Petition Ex. 8.  Accordingly, the issue is exhausted.

2    •    Claim Two has been exhausted.  Mr. McConnell raised this claim in a supplemental

3    brief filed in the Nevada Supreme Court.  Amended Petition Ex. 8.

4    •    Claim Three is exhausted.  Mr. McConnell raised the claim challenging the felony

5    murder aggravators on direct appeal. Amended Petition Exs. 1 at 47-53; 2 at 7-9; 3

6    at 22-39; 4. He also raised the claim during his first state post-conviction proceeding.

7    Amended Petition Exs. 458 at 16-25; 5 at 6-9; 6 at 13-18; 7 at 12-25; 9 at 20-23.

8    Thus, Claim Three is clearly exhausted.

9    •    Claim Four is exhausted.  Mr. McConnell raised the claim challenging the mutilation

10    aggravator on direct appeal.  Amended Petition Exs. 1 at 46-47, 50-51, 56-58; 2 at

11    9; 3 at 35-39.

12    •    Claim Five is exhausted.  Mr. McConnell raised a claim challenging the validity of

13    the burglary aggravator on direct appeal.  Amended Petition Exs. 1 at 46-53; 2 at 7-9;

14    3 at 22-39; 4.  He also raised the claim during his first state post-conviction

15    proceeding.  Amended Petition Exs. 458 at 16-25; 5 at 6-9; 6 at 13-18; 7 at 12-25; 9

16    at 20-23. Thus, Claim Five is exhausted.

17    •    Claim Six is exhausted.  Mr. McConnell raised a claim challenging the validity of his

18    guilty plea during his first state post-conviction proceedings. Amended Petition Exs.

19    458 at 8-15; 5 at 4-6; 6 at 6-13; 7 at 10-12; 9 at 8-12.

20    •    Claim Eight is exhausted.  Mr. McConnell raised claims challenging the validity of

21    the penalty phase jury instructions on direct appeal and during his first state post-

22    conviction.  Amended Petition Exs.1 at 53-56; 2 at 9-10; 3 at 37-38; 7 at 2-4; 9 at 14-

23    16;

24    •    Claim Nine is exhausted.  Mr. McConnell raised a claim of prosecutorial misconduct

25    on direct appeal.  Amended Petition Exs. 1 at 33-37; 2 at 4-5; 3 at 17-19;

26    •    Claim Ten is exhausted.  Mr. McConnell raised a claim about the improper

27    admission of victim impact testimony on direct appeal.  Amended Petition Exs. 1 at

28    42-43; 3 at 19-21;

•    Claim Eleven is exhausted.  Mr. McConnell raised a claim about the insufficient notice of the state's case in aggravation on direct appeal. Amended Petition Exs. 1 at 51-53; 3 at 36-37;

•    Claim Twelve is exhausted.  Mr. McConnell raised claims about the improper admission of prior bad act evidence and the failure to bifurcate his penalty hearing during his first state post-conviction proceeding. Amended Petition Exs. 1 at 37-42, 43-46; 2 at 5-6; 3 at 14-17, 21-22;

•    Claim Thirteen is exhausted.  Mr. McConnell raised claims challenging the death qualification of jurors during his first state post-conviction. Amended Petition Exs. 458 at 25-27, 107-113; 6 at 18-20, 71-77; 7 at 25; 9 at 19;

•    Claim Fifteen is exhausted.  Mr. McConnell raised claims about the improper election of judges and the lack of standards for appellate review during his first state post-conviction proceeding.  Amended Petition Exs. 458 at 98-100; 6 at 4-6, 63-65; 7 at 4-8; 9 at 16-1;

•    Claim Sixteen is exhausted.  Mr. McConnell raised a claim that direct appeal counsel was ineffective during his first state post-conviction proceeding.  Amended Petition Exs. 458 at 113; 6 at 6, 77-78; 7 at 9; 9 at 14;

•    Claim Seventeen is exhausted in part.  Mr. McConnell raised a claim about the cumulative constitutional errors in his case during his first state post-conviction proceeding.  The claim remains unexhausted to the extent that post-conviction counsel was ineffective for failing to raise certain claims, and thus failed to exhaust a cumulative review of those errors. As to all the claims post-conviction counsel and direct appeal counsel raised, the cumulative error claim is exhausted. Amended Petition Exs. 458 at 114; 6 at 78-79; 9 at 22-23;

•    Claim Eighteen is exhausted.  Mr. McConnell raised a claim about the unconstitutionality of execution by lethal injection on direct appeal and during his first state post conviction proceeding.  Amended Petition Exs. 1 at 29-32; 2 at 1-3; 3 at 11-14; 458 at 86-97; 6 at 47-62; 7 at 30-38; 9 at 3-8.

III.     Conclusion

For the foregoing reasons, Mr. McConnell respectfully requests that this Court deny the State's Motion for Compliance with Rule 2 of the Rules Governing Section 2254 Cases.  In the alternative, Mr. McConnell requests that this Court deny the motion as moot in light of the information contained in the instant opposition

Respectfully submitted this 21st day of March, 2011.

FRANNY A. FORSMAN
Federal Public Defender

 /s/ David Anthony
DAVID ANTHONY
Assistant Federal Public Defender

 /s/ Heather Fraley
HEATHER FRALEY
Assistant Federal Public Defender

Attorneys for Petitioner

1

## CERTIFICATE OF ELECTRONIC SERVICE

2     In accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, the undersigned

3 hereby certifies that on the 21st day of March 2011, a true and correct copy of the foregoing

4 **OPPOSITION TO MOTION FOR COMPLIANCE WITH RULE 2 OF THE RULES**

5 **GOVERNING SECTION 2254 CASES** was served by the United States District Court, CM/ECF

6 electronic filing system to:

7

8 Catherine Cortez Masto
Attorney General of Nevada
9 Bob Weiland
Deputy Attorney General
10 bwieland@ag.nv.gov

11

12

13

14                                              /s/ Katrina Manzi
                                                An Employee of the Federal Public Defenders Office
15

16

17

18

19

20

21

22

23

24

25

26

27

28