UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT McCONNELL, )<br>　　　　Petitioner, )　　　3:10-cv-0021-GMN-RAM<br>vs. )<br>　　　　　　　　　　　　　 )　　　**ORDER**<br>E.K. McDANIEL, *et al.*, )<br>　　　　Respondents. )<br>_____/ | |

　　　　In this habeas corpus action, the petitioner, Robert McConnell, a Nevada prisoner sentenced to death, filed a first amended habeas corpus petition (docket #24) on October 6, 2010.

　　　　Respondents responded to the amended petition on March 4, 2011, with a "Motion for Compliance with Rule 2 of the Rules Governing § 2254 Cases in the District Courts" (docket #39). McConnell filed an opposition to that motion on March 21, 2011 (docket #40). Respondents replied on April 11, 2011 (docket #43).

　　　　Respondents' motion is premised on Rules 2(c) and (d) of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter Habeas Corpus Rules) and on LSR 3-1 of this court's Local Rules of Practice. Rules 2(c) and (d) provide:

/ / /

/ / /

   (c) Form. The petition must:

     (1) specify all the grounds for relief available to the petitioner;
     (2) state the facts supporting each ground;
     (3) state the relief requested;
     (4) be printed, typewritten, or legibly handwritten; and
     (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

   (d) Standard Form. The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge.

Habeas Corpus Rules, Rule 2(c). LSR 3-1 states:

   A petition for writ of habeas corpus, filed by a person who is not represented by an attorney, shall be on the form provided by this court. If a petition for writ of habeas corpus is filed by an attorney on behalf of a person seeking relief, it shall be on the form supplied by the court or shall contain all of the information required in the Model Form for Use in Application for Habeas Corpus under 28 U.S.C. § 2254 in the Appendix of Forms to the Rules Governing Section 2254 Cases in the United States District Courts.

LSR 3-1.

   McConnell's amended petition was filed on his behalf by his appointed counsel. Therefore, under LSR 3-1, the petition must either be on the form supplied by the court or contain all the information required in the Model Form. *See* LSR 3-1.

   Respondents argue that the second amended petition does not contain two warnings: that the petition must include all grounds for relief and all facts supporting such grounds, and that failure to set forth all grounds in the petition may bar presentation of additional grounds at a later date.

   In cases in which a petitioner is represented by counsel and counsel chooses not to use the form provided by this court, the terms of LSR 3-1 require that counsel include in the petition all the information required in the Model Form – not the information required in the form provided by this court. There is a difference. The form provided by this court is not identical to the Model Form. The Model Form includes instructions, some of which may be read to include the admonishments referred to by respondents. However, the declaration in the Model Form, to be signed by the petitioner, does not include any mention of those admonishments. Moreover, LSR 3-1 does not state

that any particular instructions or admonishments must be included in a petition drafted by counsel. The local rule states that the petition in such cases "shall contain all of the information required in the Model Form...." LSR 3-1. The court reads that to mean all the information that the Model Form requires the petitioner to provide – not the instructions or admonitions found in the Model Form. It appears that the instructions and admonitions in the Model Form are addressed to *pro se* petitioners. In this case, McConnell has counsel. Counsel is under an ethical duty to "provide competent representation" to petitioner. Nevada Supreme Court Rule 151. The ethical duty of competent representation "requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." *Id*. Furthermore, counsel is ethically required "to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Nevada Supreme Court Rule 154. It is with these fundamental aspects of the attorney's role in mind that the court reads LSR 3-1. The court will not require further amendment of the petition in this action to obtain from petitioner an acknowledgment of the admonitions; the applicable rules do not require as much.

Respondents ague that the amended petition does not indicate whether this is McConnell's first federal habeas petition (item 14 in the Model Form). However, as McConnell notes in his response to respondents' motion, his amended petition includes a procedural history that recounts all litigation in state and federal court relevant to this case. Amended Petition for Writ of Habeas Corpus (docket #24), pp. 1-3. That procedural history mentions no previous federal habeas action. Furthermore, McConnell's response to respondents' motion confirms that there has been no previous federal habeas action. Accordingly, the court will not require petitioner to further amend his petition to state such information.

Respondents argue that McConnell does not state in his amended petition whether he testified at any pretrial hearing, trial, or a post-trial hearing (item 2 in the Model Form). However, as is pointed out by McConnell in response to respondents' motion, that information is in fact included in the amended petition (albeit not as concisely and clearly as it could be). *See* Amended Petition,

1  pp. 2-3; *see also* Opposition to Motion for Compliance (docket #40), p. 3.  The court will not require
2  a further amendment of the petition to restate this information.
3        Respondents argue that McConnell does not, in his amended petition, sufficiently stated
4  where, when, and how he exhausted in state court each of his exhausted claims, and he has not stated
5  why he did not exhaust the claims that remain unexhausted (item 13 in the Model Form).  In fact,
6  McConnell's amended petition does include a statement setting forth his position with respect
7  to the exhaustion of each of his claims.  Amended Petition, pp. 3-4.  While this statement could be
8  more detailed and informative, and thereby more helpful, the court finds that it complies with
9  Rules 2(c) and (d) of the Habeas Corpus Rules and LSR 3-1.  Moreover, McConnell's response to
10  respondents' motion includes, for each of his allegedly exhausted claims, a more detailed statement
11  regarding the exhaustion of each claim he claims to have exhausted.
12        McConnell's amended petition complies with Rule 2(c) and (d) of the Habeas Corpus Rules
13  and LSR 3-1.
14        **IT IS THEREFORE ORDERED** that respondents' "Motion for Compliance With Rule 2
15  of the Rules Governing Section 2254 Cases" (docket #39) is **DENIED**.
16        **IT IS FURTHER ORDERED** that respondents shall have **45 days** from the date this order
17  is entered to file and serve an answer or other response to the amended petition (docket #24).
18        **IT IS FURTHER ORDERED** that, in all other respects, the schedule set forth in the order
19  entered August 23, 2010 (docket #21), shall remain in effect.
20        Dated this 15th day of April 2011.

                                                Gloria M. Navarro
                                                United States District Judge