UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT McCONNELL, | |
| Petitioner, | 3:10-cv-0021-GMN-WGC |
| vs. | |
| | **ORDER** |
| RENEE BAKER, *et al.*, | |
| Respondents. | |

In this capital habeas corpus action, there is, before the court, a motion for stay and abeyance (ECF No. 58), filed by the petitioner, Robert McConnell. There is also pending a motion to dismiss filed by the respondents (ECF No. 53). Briefing on the motion to dismiss has been suspended pending resolution of the motion for stay. *See* Minute Order entered January 26, 2012 (ECF No. 62). The court will grant the motion for stay, and stay this action pending the conclusion of McConnell's ongoing state-court habeas corpus proceedings. The court will deny the motion to dismiss as moot.

This habeas corpus action is brought pursuant to 28 U.S.C. § 2254. McConnell's conviction and death sentence result from the murder of Brian Pierce. According to the Nevada Supreme Court's decision on McConnell's direct appeal:

> On August 7, 2002, McConnell shot Brian Pierce to death. Pierce lived with and planned to marry April Robinson, McConnell's former girlfriend. McConnell broke into the couple's home while they were at work. When Pierce returned and entered his front door, McConnell shot him repeatedly. Later, when Robinson came home, McConnell threatened her with a knife, handcuffed her, and sexually assaulted her. He then kidnapped her, forcing her to drive to California. Robinson was able to escape and alerted authorities. McConnell was later arrested in San Francisco.
>
> The State charged McConnell with first-degree murder, alleging theories of deliberate, premeditated murder and of felony murder during the perpetration of a burglary. The State also charged him with sexual assault and first-degree kidnapping. After the preliminary hearing, the State filed a Notice of Intent to Seek Death Penalty and alleged three aggravators: the murder was committed during the course of a burglary, was committed during the course of a robbery, and involved mutilation. Before trial, McConnell successfully moved to represent himself; the Public Defender served as standby counsel thereafter. McConnell then pleaded guilty, without benefit of a plea agreement, to sexual assault and first-degree kidnapping; judgment was entered accordingly, and he was sentenced to consecutive terms of life imprisonment with the opportunity of parole. He also pleaded guilty to first-degree murder, and a penalty hearing before a jury was set.
>
> \* \* \*
>
> The jury found all three aggravating circumstances, determined that any mitigating circumstances were insufficient to outweigh the aggravating circumstances, and returned a verdict of death.

*McConnell v. State*, 120 Nev. 1043, 1049, 1054, 102 P.3d 606, 611-12, 615 (2004). The judgment of conviction and death sentence were affirmed on appeal. *See Id*. McConnell then pursued a state-court habeas petition, which was unsuccessful. *See McConnell v. State,* 125 Nev. 243, 212 P.3d 307 (2009). According to McConnell, he initiated a second state-court habeas proceeding on November 1, 2010, and that action remains pending. *See* Motion for Stay and Abeyance (ECF No. 58), p. 3.

McConnell initiated this federal habeas corpus action on January 13, 2010 (ECF No. 1), and counsel was appointed (ECF Nos. 14, 16). On October 6, 2010, McConnell filed an amended petition for writ of habeas corpus (ECF No. 24).

On March 4, 2011, respondents filed a motion to compel compliance with Rule 2 of the Rules Governing Section 2254 Cases in the District Courts (ECF No. 39). That motion was denied on April 15, 2011 (ECF No. 44).

1       On September 23, 2011, respondents filed a motion to dismiss (ECF No. 53).  On
2  January 23, 2012, McConnell filed his motion for stay (ECF No. 58).  In that motion, McConnell
3  argues that the court should stay this case while he litigates his second state-court habeas petition.
4  *See* Motion for Stay and Abeyance (ECF No. 58).  On January 26, 2012, the court suspended briefing
5  on the motion to dismiss pending resolution of the motion for stay.  *See* Minute Order entered
6  January 26, 2012 (ECF No. 62).  Respondents filed an opposition to the motion for stay on
7  April 20, 2012 (ECF No. 67).  McConnell filed a reply in support of the motion for stay on
8  June 13, 2012 (ECF No. 70).

9       A federal court may not grant habeas corpus relief on a claim not exhausted in state court.  28
10 U.S.C. § 2254(b).  The exhaustion doctrine is based on the policy of federal-state comity, and is
11 intended to allow state courts the initial opportunity to correct constitutional deprivations.  *See*
12 *Picard v. Conner*, 404 U.S. 270, 275 (1971).  To exhaust a claim, a petitioner must fairly present the
13 claim to the highest state court, and must give that court the opportunity to address and resolve it.
14 *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1,
15 10 (1992).

16      The amended petition in this action is a mixed petition – it contains both exhausted and
17 unexhausted claims.  There is no question that McConnell's amended petition includes unexhausted
18 claims.  *See* Amended Petition for Writ of Habeas Corpus (ECF No. 24), p. 4, lines 3-4 ("Claims
19 One(A, B, C), Seven, Fourteen, Sixteen (part), and  Seventeen (part) have not been presented to the
20 Nevada Supreme Court for review."); *see also* Motion to Dismiss (ECF No. 53) (asserting that all
21 McConnell's claims are unexhausted).  In their motion to dismiss, respondents take the position that
22 all McConnell's claims are unexhausted; however, the record reflects that at least some of
23 McConnell's claims are, at least in part, exhausted.  *Compare*, *e.g.*, Amended Petition (ECF No. 24),
24 pp. 177-91 (Claim 18), and *McConnell v. State*, 120 Nev. 1043, 1054-57, 102 P.3d 606, 615-16
25 (2004); Amended Petition, pp. 138-40 (Claim 6), and *McConnell v. State*, 125 Nev. 243, 249-52,
26

212 P.3d 307, 312-13 (2009); Amended Petition, pp. 174-75 (Claim 16), and *McConnell*, 125 Nev. at 253-58, 212 P.3d at 314-17.

McConnell requests that this action be stayed while he completes exhaustion of his claims in state court, by means of his second state-court habeas proceeding, which he initiated on November 1, 2010. McConnell argues that, if his mixed amended petition is simply dismissed without prejudice, he may face limitations issues when he attempts to file a new federal petition after exhausting claims in state court. McConnell's argument in this regard is well-taken; this is because of the well-settled rule that the pendency of a federal habeas petition does not result in statutory tolling of the applicable one-year limitations period. *See* 28 U.S.C. § 2244(d); *Duncan v. Walker*, 533 U.S. 167 (2001) (pendency of federal habeas petition does not toll limitations period); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (regarding "protective petitions").

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of the federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> \* \* \*
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78.

*Rhines* does not state or suggest that every unexhausted claim in the petition must satisfy, individually, the "good cause" and "potentially meritorious" requirements before a stay will be

permitted. Indeed, the rationale for permitting a stay would apply with more force to a petition in which only one of the unexhausted claims meets the *Rhines* requirements, but is likely meritorious, than it would to a petition in which all the unexhausted claims meet the *Rhines* requirements, but none are more than potentially meritorious. The efficient approach is for the court to address the petitioner's motion for stay and abeyance before reaching respondents' exhaustion arguments as to each individual claim. If a stay is warranted with respect to any single claim, the court need not conduct a claim-by-claim exhaustion analysis regarding the remaining claims.

In Claim 2 of his amended petition, McConnell alleges that "his guilty plea, conviction, and death sentence are invalid under the federal constitutional guarantees of due process, effective assistance of counsel, and a reliable sentence due to the trial court's invalid *Faretta* canvass and the court's failure to subsequently appoint counsel when it became apparent that counsel's assistance was necessary, which reduced the proceedings to a sham and a farce." Amended Petition, p. 102. McConnell argues, in his motion for stay, that there is good cause, under *Rhines*, for his failure to exhaust this claim, because the controlling Supreme Court case, *Indiana v. Edwards*, 554 U.S. 164 (2008), was decided after he completed his briefing on the appeal in his first state-court habeas proceeding. The court agrees.

In *Edwards*, the Supreme Court held that a criminal defendant who is competent to stand trial may, nevertheless, be denied self-representation if he lacks the mental capacity to conduct his trial defense unless represented. *Edwards*, 554 U.S. at 174-78. The Supreme Court based its holding in *Edwards*, in large part, on the constitutional requirement that criminal trials must be fair: "insofar as a defendant's lack of capacity threatens an improper conviction or sentence, self-representation in that exceptional context undercuts the most basic of the Constitution's criminal law objectives, providing a fair trial." *Id*. at 176-77. Before *Edwards* – at the time of McConnell's trial, during his direct appeal, and when his appeal from the denial of his first state habeas petition was briefed – there was an open question with respect to the interplay between competence to stand trial and competence for self-representation. *See id*. at 169-74.

In this case, McConnell's request to represent himself was granted, he pled guilty, and he went on to represent himself at his penalty hearing, which resulted in his death sentence.  Claim 2 in the amended petition raises issues about whether McConnell's self-representation was consistent with his federal constitutional rights.  The court has examined the claims made by McConnell in Claim 2, and determines that, in light of *Edwards*, those claims are at least potentially meritorious, and, in view of that intervening Supreme Court decision, there is good cause for McConnell's failure to previously exhaust those claims in state court.  McConnell is currently litigating a second state-court habeas petition, in which he seeks state court rulings on the merits of these claims, as well as the other unexhausted claims in his amended petition.  Under *Crump v. Warden*, 113 Nev. 292, 934 P.2d 247 (1997), it appears there is a possibility that the Nevada courts may consider McConnell's unexhausted claims on their merits.  The court finds that McConnell meets the requirements set forth in *Rhines* for a stay of this federal action pending the completion of the litigation of his second state-court habeas proceeding.

Therefore, the court will grant McConnell's motion for stay, and stay this action.   The court's intention is that this will be the last time that the court imposes a stay to facilitate McConnell's exhaustion of claims in state court.  McConnell must exhaust *all* of his unexhausted claims in state court during the stay imposed pursuant to this order.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Stay and Abeyance (ECF No. 58) is **GRANTED**.  This action is **STAYED** to allow petitioner to exhaust, in state court, all his unexhausted claims for habeas corpus relief.

**IT IS FURTHER ORDERED** that, on or before **December 15, 2012**, petitioner shall file and serve a status report, describing the status of his state-court proceedings.  Thereafter, during the stay of this action, petitioner shall file such a status report every 6 months (on or before June 15, 2013; December 15, 2013; June 15, 2014; etc.).  Respondents may, if necessary, file and serve a response to any such status report within 15 days after its service.  If necessary, petitioner may reply within 15 days of service of the response.

**IT IS FURTHER ORDERED** that, following the conclusion of petitioner's state court proceedings, petitioner shall, within **30 days**, make a motion to lift the stay.

**IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a motion by respondents if petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

**IT IS FURTHER ORDERED** that respondents' Motion to Dismiss (ECF No. 53) is **DENIED** as moot.

Dated this 27th day of July 2012.

_____
Gloria M. Navarro
United States District Judge