UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT McCONNELL,

    Petitioner,

    v.

WILLIAM GITTERE, *et al.*,

    Respondents.

Case No. 3:10-cv-00021-GMN-WGC

**ORDER GRANTING MOTION TO VACATE STAY (ECF NO. 88)**

This capital habeas corpus action has been stayed since July 27, 2012, while the petitioner, Robert McConnell, exhausted claims in state court. *See* Order entered July 27, 2012 (ECF No. 71). On November 12, 2019, McConnell, represented by appointed counsel, filed a motion to lift the stay (ECF No. 88). In that motion, McConnell states that his state-court proceedings have concluded. On November 26, 2019, the Respondents filed a notice (ECF No. 90) stating that they do not oppose the motion to lift the stay. The Court will grant McConnel's motion to lift the stay and will set a schedule for further proceedings in this action.

The Court will also direct the clerk of the court to update the docket with respect to the identities of the respondent warden and respondent state attorney general.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate Stay and Reopen Capital Habeas Proceedings (ECF No. 88) is **GRANTED**. The stay of this action is lifted.

**IT IS FURTHER ORDERED** that the following schedule shall govern the further proceedings in this action:

    1.    Amended Petition.  Petitioner will have 60 days from the date of this order to file a second amended petition for writ of habeas corpus. The second amended

1

petition must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the second amended petition must state how, when, and where that occurred.

2. Response to Petition. Respondents will have 60 days following the filing of the second amended petition to file an answer or other response to the second amended petition.

3. Reply and Response to Reply. Petitioner will have 45 days following the filing of an answer to file a reply. Respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

4. Briefing of Motion to Dismiss. If Respondents file a motion to dismiss, Petitioner will have 60 days following service of the motion to file a response to the motion. Respondents will thereafter have 30 days following the filing of the response to file a reply.

5. Discovery. If Petitioner wishes to move for leave to conduct discovery, Petitioner must file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

6. Evidentiary Hearing. If Petitioner wishes to request an evidentiary hearing, Petitioner must file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an

evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If Petitioner files a motion for an evidentiary hearing, Respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file and serve a reply in support of the motion for an evidentiary hearing.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), William Gittere is substituted for Timothy Filson as the respondent warden, and Aaron Ford is substituted for Adam Paul Laxalt as the respondent state attorney general. The Clerk of the Court is directed to update the docket for this case to reflect these changes.

DATED THIS 3 day of _____December_____, 2019.

GLORIA M. NAVARRO,
UNITED STATES DISTRICT JUDGE