UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT McCONNELL,<br><br>　　　Petitioner,<br><br>　　　v.<br><br>WILLIAM GITTERE, *et al.*,<br><br>　　　Respondents. | Case No. 3:10-cv-00021-GMN-WGC<br><br>**ORDER** |

　　　In this capital habeas corpus action, on April 3, 2020, the petitioner, Robert McConnell, represented by appointed counsel, filed a second amended petition for writ of habeas corpus (ECF No. 95). Respondents then filed a motion to dismiss (ECF No. 105) on October 8, 2020.

　　　On December 7, 2020, McConnell filed a Motion to Strike, or, in the Alternative, Motion for More Definite Statement (ECF No. 107). In that motion, McConnell argues that the part of the motion to dismiss based on the statute of limitations does not state the asserted defense with sufficient particularity, and, therefore, does not give him fair notice of the scope of the motion such that he may fairly respond to it. Respondents have filed an opposition to McConnell's motion (ECF No. 111), and McConnell has filed a reply (ECF No. 113). The Court will grant the motion, will deny the motion to dismiss without prejudice, and will require Respondents to file a new motion to dismiss adequately setting forth their statute of limitations defense or abandoning that defense.

　　　In their motion to dismiss, in their two-page argument asserting the statute of limitations defense, Respondents concede that McConnell's original and first amended petitions (ECF Nos. 1, 24) were timely filed, but they argue that McConnell's second amended petition was filed after the expiration of the limitations period. *See* Motion to

Dismiss (ECF No. 105), pp. 4–5. Respondents' entire argument based on the statute of limitations is as follows:

> This action is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA created a one-year statute of limitations, which can be found at 28 U.S.C. § 2244(d) and provides:
>
> > (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -- . . .
> >
> > > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > >
> > > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> > >
> > > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > >
> > > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> >
> > (2) The time during which a properly filed application for state postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
>
> The statute of limitations is typically calculated from the date of finality, but a petitioner may establish he is entitled to delayed accrual under 28 U.S.C. 2244(d)(1)(B) through (D) on a claim-by-claim basis. *Mardesich v. Cate*, 668 F.3d 1164 (9th Cir. 2012). If a petitioner seeks a petition for writ of certiorari in the Supreme Court of the United States, his conviction is considered final when the Supreme Court resolves the petition for writ of certiorari.
>
> The Nevada Supreme Court affirmed on direct appeal and because the state filed a petition for rehearing, the time for McConnell to file a petition for writ of certiorari did not expire until 90 days after the Nevada Supreme Court denied rehearing. The opinion denying rehearing issued on March 25, 2005, ECF No. 25-3, giving McConnell until June 23, 2005,

to file a timely petition for writ of certiorari. While he did not petition for certiorari, McConnell filed his first state post-conviction petition on June 10, 2005. Exhibit 5. Thus, as soon as McConnell's conviction was final under 28 U.S.C. § 2244(d)(1)(A), the tolling provision of 28 U.S.C. § 2244(d)(2) kicked in.

The remittitur from McConnell's first state post-conviction appeal issued on November 3, 2009, Exhibit 17, giving McConnell until November 3, 2010, to file a timely federal petition. McConnell filed his original federal petition on January 13, 2010. ECF No. 1. And he filed his first-amended federal petition on October 6, 2010. ECF No. 24.

However, he filed the operative petition in this case—the second-amended petition—well after expiration of the statute of limitations on April 3, 2020. ECF No. 96. As a result, absent McConnell showing that individual claims of the second-amended petition are timely under the delayed accrual provisions of 28 U.S.C. 2244(d)(1)(B) through (D), his second-amended petition is untimely in its entirety. McConnell may, however, be able to avoid dismissal of any untimely claims if he can carry his burden of establishing that he is actually innocent, that he is entitled to equitable tolling, or that his claims relate back to one of his prior timely filed pleadings. *McQuiggin v. Perkins*, 569 U.S. 383 (2013) (acknowledging that a claim of actual innocence can overcome the AEDPA statute of limitations); *Smith v. Davis*, 953 F.3d 582, 588–99 (9th Cir. 2020) (en banc) (addressing the standard for establishing equitable tolling); *Ross v. Williams*, 950 F.3d 1160, 1167, 1172 (9th Cir. 2020) (identifying standard requiring a petitioner to show that "each claim in the amended petition" relates back to a prior timely filed pleading and acknowledging that a court may dismiss a petition as untimely where the pleadings or additional briefing fail to "identify the specific portions of an earlier pleading that contain the relevant factual material to which the new pleading is attempting to relate back").

*Id*.

McConnell's second amended habeas petition is over 300 pages long, and it includes 18 claims, many with multiple subparts. A brief comparison of McConnell's second amended petition with his first amended petition reveals that there is substantial overlap between the two.

Under the Federal Rules of Civil Procedure, an amended pleading relates back to the date of an earlier pleading when "the amendment asserts a claim … that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); *see also Mayle v. Felix*, 545 U.S. 644, 649 (2005). However, a claim in an amended habeas petition does not meet the relation-back standard "when it asserts a new ground for relief supported by facts that differ in both time and type from the original pleading …." *Mayle*, 545 U.S. at 650.

The AEDPA statute of limitations applies on a claim-by-claim basis. *See Mardesich v. Cate*, 668 F.3d 1164, 1170–71 (9th Cir. 2012). With respect to McConnell's second amended petition, this means that the timeliness of each of McConnell's claims under the statute of limitations turns on the question whether each claim, independently, relates back to a claim in a timely filed petition.

Respondents do not, in their motion to dismiss, specify which of McConnell's claims or subclaims are allegedly barred by the statute of limitations. The Court does not read Respondents' motion to dismiss to seriously argue that all of McConnell's claims are barred by the statute of limitations—it appears from a comparison of the first and second amended petitions that such an argument would be largely frivolous. However, because Respondents do not specify which claims or subclaims are subject to their statute of limitations defense, they have failed to state their position with respect to that defense. Respondents do not give McConnell fair notice of their defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), o*verruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.").

Federal Rule of Civil Procedure 8(b)(1)(A) states that "[i]n responding to a pleading, a party must … state in short and plain terms its defenses to each claim asserted against it…." Under the circumstances here—again, Respondents' statute of limitations defense is subject to a claim-by-claim analysis—Respondents must do more, to properly plead their statute of limitations defense, than provide a formulaic recitation of the law governing the statute of limitations and an allegation that the second amended petition was filed after the expiration of the limitations period. At minimum, Respondents must give McConnell fair notice which of his claims or subclaims are subject to the defense.

///

///

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Strike, or, in the Alternative, Motion for More Definite Statement (ECF No. 107) is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 105) is **DENIED**, without prejudice to Respondents filing a new motion to dismiss, adequately setting forth their statute of limitations defense or abandoning that defense.

**IT IS FURTHER ORDERED** that Respondents' will have **30 days** from the date of this order to file their new motion to dismiss. In all other respects, the schedule for further proceedings set forth in the order entered on December 4, 2019 (ECF No. 91) will remain in effect.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to update the docket for this case to reflect that Aaron Ford has been substituted for Adam Paul Laxalt as the respondent state attorney general (*see* Order entered December 4, 2019 (ECF No. 91)).

DATED THIS __2__ day of _____March_____, 2021.

_____
GLORIA M. NAVARRO,
UNITED STATES DISTRICT JUDGE