UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT McCONNELL,

    Petitioner,

v.

JEREMY BEAN, *et al.*,

    Respondents.

Case No. 3:10-cv-00021-GMN-CSD

**ORDER DENYING
MOTION FOR RECONSIDERATION**

**(ECF NO. 151)**

    In this capital habeas corpus action, on August 12, 2025, Petitioner Robert McConnell, who is represented by appointed counsel, filed a motion for reconsideration, requesting that the Court reconsider part of the order entered July 25, 2022 (ECF No. 151) resolving Respondents' motion to dismiss. ECF No. 220.  The parties have fully briefed the motion. ECF Nos. 227, 230. The Court will deny the motion for the reasons discussed below.

    In the July 25, 2022, order, addressing the question of procedural default of some of McConnell's claims, the Court determined that, on the appeal in McConnell's second state habeas action, the Nevada Supreme Court's application of state-law procedural bars—NRS §§ 34.726 and 34.810—was independent of federal law, such that it could support application of the procedural default doctrine:

> On the appeal in McConnell's second state habeas action, the Nevada Supreme Court ruled McConnell's entire petition to be procedurally barred under Nev. Rev. Stat. §§ 34.726 (statute of limitations) and 34.810 (successive petitions). *See* Order of Affirmance, Exh. 487 (ECF No. 89-4).
>
> Citing *Rippo v. Baker*, [580 U.S. 285], 137 S.Ct. 905 (2017) (per curiam), McConnell argues that the Nevada Supreme Court's application of those statutes to bar his second state habeas petition was not independent of federal law and, therefore, cannot support application of the procedural default doctrine. *See* Opposition to Motion to Dismiss (ECF No. 128), pp. 67–69.
>
> "For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with the federal law." *Park v.*

1

*California*, 202 F.3d 1146, 1152 (2000) (citing *Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983)).  The state procedural rule is "so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" *Ibid* (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

McConnell relies on a footnote in *Rippo* and argues that the state-law procedural rules were not applied independently of federal law because the Nevada Supreme Court considered the merits of his claims in determining that he did not show cause and prejudice to overcome procedural bars. *See* Opposition to Motion to Dismiss (ECF No. 128), pp. 67–69.  In *Rippo*, the Supreme Court reviewed, and overruled, the Nevada Supreme Court's holding regarding a substantive federal-law claim in the case—a claim of unconstitutional judicial bias. *See Rippo*, 137 S.Ct. at 906–07.  In a footnote, the Court stated:

> The [Nevada Supreme Court] further relied on its bias holding to determine that Rippo had not established cause and prejudice to overcome various state procedural bars. 132 Nev., at [118], 368 P.3d, at 745.  Because the court below did not invoke any state-law grounds "independent of the merits of [Rippo's] federal constitutional challenge," we have jurisdiction to review its resolution of federal law. *Foster v. Chatman*, 578 U.S. [488], [498], 136 S.Ct. 1737, 1746, 195 L.Ed.2d 1 (2016).

*Id*. at 907 n.1.  The Supreme Court recognized that in that case the Nevada Supreme Court's analysis and ruling of the substantive federal claim was antecedent to its ruling regarding the procedural bars.  The Nevada Supreme Court had invoked the law of the case doctrine and relied on an earlier ruling on the merits of the judicial bias claim in ruling on the procedural bars. *See Rippo v. State*, 132 Nev. 95, 116–19, 368 P.3d 729, 743–45 (2016).  That is not the case here.  In this case, the Nevada Supreme Court first identified the procedural bars, and stated: "Accordingly, the petition was procedurally barred absent a demonstration of good cause and prejudice, *see* NRS 34.726(1); NRS 34.810(1)-(3), or a showing that the procedural bars should be excused to prevent a fundamental miscarriage of justice, *see Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001)." Order of Affirmance, Exh. 487, pp. 1–2 (ECF No. 89-4, pp. 2–3).  Only then did the court go on to determine that McConnell failed to show cause and prejudice. *See id*. at 2–9 (ECF No. 89-4, pp. 3–10).  In this case, the Nevada Supreme Court's consideration of the merits of the federal claims was not antecedent to the ruling regarding the procedural bars.

Where a state court considers the merits of a claim only to demonstrate that the petitioner cannot overcome a state-law procedural bar of the claim, the procedural bar remains independent of federal law, such that it supports application of the procedural default doctrine. *See Nitschke v. Belleque*, 680 F.3d 1105, 1111–12 (9th Cir. 2012) (holding that the Oregon Court of Appeals' application of the Oregon "plain error" rule to the petitioner's federal law claim was independent of federal law); *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (1996) (holding a Nevada procedural rule independent where the Nevada Supreme Court discussed the merits of the claim "strictly for the purpose of demonstrating that [the petitioner

could not] overcome his procedural defaults by a showing of cause and prejudice").

The Court finds that the Nevada Supreme Court considered the merits of McConnell's claims only to demonstrate that McConnell did not overcome the procedural bars, and the consideration of the merits of the claims was not antecedent to the cause-and-prejudice determination. The Nevada Supreme Court's application of the procedural bars was independent of federal law, such that it can support application of the procedural default doctrine.

ECF No. 151 at 19–21. This is the ruling that McConnell asks the Court to reconsider.

A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). This Court's Local Rule 59-1(a) states:

The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.

*See also* Fed. R. Civ. P. 54(b).

McConnell contends: "(1) there has been an intervening change in the law, (2) this Court committed manifest error in its prior decision; (3) an error in a capital habeas case should be corrected without delay; and (4) no prejudice to the parties would result." ECF No. 220 at 6. McConnell's primary argument is that *Glossip v. Oklahoma*, 604 U.S. 226 (2025), and *Hogan v. Bean*, 140 F.4th 1001 (9th Cir. 2025), are intervening law clarifying the law and undermining this Court's July 25, 2022, ruling. ECF No. 220 at 5, 7–14. The Court determines, however, that McConnell does not show that the *Glossip* and/or *Hogan* changed or clarified the law in any way warranting reconsideration of the prior ruling or that the July 25, 2022, ruling was erroneous, so the Court denies McConnell's motion.

McConnell's motion focuses on a somewhat complex question of law regarding procedural defaults in habeas cases, a question that arises in this district on occasion

3

and that can only be described as unclear and unsettled.  Nevada has a rule, only applicable in capital cases, that is analogous to the rule of *Martinez v. Ryan*, 566 U.S. 1 (2012); under *Crump v. Warden*, 113 Nev. 293, 302–05, 934 P.2d 247, 252–54 (1997), a petitioner under a sentence of death can, in a state-court habeas action, show cause to excuse a state procedural bar by showing ineffective assistance of counsel in a prior state habeas action.  In making that determination, the Nevada state courts sometimes discuss the potential merits of the barred claim.  That happened in this case in the Nevada Supreme Court's ruling on the appeal in McConnell's second state habeas action. *See* ECF No. 89-4.  The question then arises whether that discussion of the potentially barred federal constitutional claims, in the context of the state court's cause-and-prejudice analysis under *Crump*, renders the application of the state procedural bar "interwoven" with the merits of the federal constitutional claim, such that it is not "independent" as required by the adequate and independent state ground doctrine under *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  There does not appear to be a clear answer.

In this case, the Court abided by the following passage in *Moran v. McDaniel*, 80 F.3d 1261 (9th Cir. 1996):

> In the present case, the Nevada Supreme Court clearly stated that its dismissal of Moran's appeal was based on procedural grounds. Although the Nevada Supreme Court discussed the merits of Moran's claims, the court clearly stated that "any discussion of the merits of any of [Moran's] claims in this case is strictly for the purpose of demonstrating that [Moran] cannot overcome his procedural defaults by a showing of cause and prejudice."  We conclude, therefore, that the Nevada Supreme Court clearly rested its dismissal of Moran's petition on independent state procedural grounds.

*Moran*, 80 F.3d at 1269.  The statement in *Moran* appears to be the most authoritative guidance on the issue.  Indeed, this Court has relied on it in many cases over the years. *See*, *e.g.*, *Chappell v. Bean*, Case No. 2:16-cv-00645-JAD-MDC, 2025 WL 2784454, at *8 (D.Nev. Sept. 30, 2025); *Palmer v. Garrett*, Case No. 3:18-cv-00245-HDM-CLB, 2022 WL 3684713, at 6–8 (D.Nev. Aug. 25, 2022); *Mulder v. Gittere*, Case No.: 3:09-cv-0610-JAD-WGC, 2021 WL 4491727, at 13 (D.Nev. Sept. 30, 2021); *Ayala v. Williams*, Case

No. 2:17-cv-02093-RFB-VCF, 2022 WL 3214650, at *8 (D.Nev. Feb. 26, 2021); *Castillo v. Baker*, Case No. 2:04-cv-00868-RCJ-GWF, 2016 WL 845307, at *27 (D.Nev. March 2, 2016); *Bollinger v. Baker*, Case No. 2:98–cv–01263–MMD–PAL, 2013 WL 6843602, at *9 (D.Nev. Dec. 20, 2013).

On the other hand, though, the Court recognizes that an argument can be made that the state court's consideration of the federal claim was "interwoven" with the cause-and-prejudice analysis. That argument—which is the argument made by McConnell in the motion for reconsideration—could have been made based on caselaw that preceded the Court's July 25, 2022, order, such as *Rippo v. Baker*, 580 U.S. 285, 287 n.1, 137 S.Ct. 905, 907 n.1 (2017) (per curiam); *Nitschke v. Belleque*, 680 F.3d 1105, 1111–12 (9th Cir. 2012); and *Cooper v. Neven*, 641 F.3d 322, 332–33 (9th Cir. 2011)—despite the fact that none of those cases dealt with quite the same issue. *Glossip* and *Hogan*, the two cases relied upon by McConnell in his motion for reconsideration, do not significantly change or clarify the law controlling the issue. Both arose in procedural and factual contexts completely different from those in this case. Neither purported to change the law. And neither clarified the law, at least not as it relates to the procedural and factual context in which the issue arises in this case. McConnell does not cite any case reading either *Glossip* or *Hogan* to change or clarify the law controlling the issue at hand.

Finally, a word about McConnell's citation (ECF No. 151 at 12, 21) to the following paragraph in Judge Mahan's February 26, 2021, order ruling on a motion to dismiss in *Moore v. Gittere*, Case No. 2:13-cv-00655-JCM-DJA:

> Beyond the question of the adequacy of NRS §§ 34.726, 34.800, and 34.810, the Court will not, in this order, address the remainder of the issues raised by the parties concerning the alleged procedural default of Moore's claims. The question of prejudice, in the cause and prejudice analysis regarding any alleged procedural defaults in this case, is intertwined with the question of the merits of the particular claims, such that those issues will be better addressed in conjunction with the merits, after Respondents file an answer and Moore a reply. Furthermore, it appears that, following the Court's ruling in this order regarding the question of the exhaustion of Moore's claims, further briefing of the procedural default issues in the parties' answer, reply, and response to

reply, will be beneficial. The Court will, therefore, decline to address the procedural default issues raised by this motion—other than the question of the adequacy of NRS §§ 34.726, 34.800, and 34.810. The Court will deny Respondents' motion to dismiss, to the extent it is made on procedural default grounds, without prejudice to Respondents asserting their procedural default defense in their answer.

*Moore v. Gittere*, Case No. 2:13-cv-00655-JCM-DJA, 2021 WL 770597, at *12 (D. Nev. Feb. 26, 2021). Obviously, that was simply recognition that there would be overlap between the briefing of procedural default issues and briefing of the merits of the petitioner's claims, and that it would be more efficient and more instructive to have those matters briefed at the same time. That plainly was not meant as a ruling, or any comment at all, on the question whether a state court's application of a state-law procedural bar was independent of federal law such that it could support application of the procedural default doctrine. McConnell's quotation of that passage from that *Moore* order is taken out of context and is inapposite, at best.

The Court concludes that McConnell does not show that there has been an intervening change in the law since the July 25, 2022, order, and he does not show that the Court committed manifest or clear error. The Court will deny the motion for reconsideration. However, given the unclear and unsettled nature of the law governing this issue, the Court will consider granting McConnell a certificate of appealability on the issue if and when that becomes necessary.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration (ECF No. 220) is **DENIED**.

DATED THIS _3_ day of _____ February _____, 2026.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

6